**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| GAVIN COLEMAN, as Parent and Natural Guardian of T.C., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>BIG SKY RESORT, LLC, BOYNE USA, INC., and JOHN DOES 1-10,<br><br>Defendants. | CV 26-81-BU-WWM<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

On August 17th, Plaintiff Gavin Coleman ("Mr. Coleman"), individually and on behalf of his son T.C., filed a Complaint against Defendants Big Sky Resort, LLC and Boyne USA, Inc. (collectively "Big Sky")[1] for injuries caused to T.C. while he was enrolled in ski school. (Doc. 1). Mr. Coleman seeks damages under various theories of negligence, including negligent undertaking (Count IV). *Id.* at 12-16. Mr. Coleman also seeks a declaratory judgment that the Montana Skier Responsibility Act (the "MSRA") does not bar his negligence claims (Count V), that the MSRA would be unconstitutional as applied to his negligence claims (Count VI), and that the liability waiver signed during T.C.'s enrollment cannot bar his claims (Count VII). *Id.* at 17-26.

[1] For simplicity, the Court adopts Mr. Coleman's reference to the Defendants collectively as "Big Sky," and will refer to them as a singular entity throughout this Order. (Doc. 1 at ¶ 5).

On September 17th, Big Sky filed a Motion to Dismiss and Brief in Support ("Motion"). (Doc. 3 and 4). The Motion seeks to dismiss Mr. Coleman's claims for declaratory relief under Federal Rule of Civil Procedure 12(b)(1) and (6), arguing that Mr. Coleman lacks a basis to bring claims under the Declaratory Judgment Act to address duplicative issues and because he lacks standing since he does not seek prospective relief. (Doc. 4 at 7-15). Big Sky also argues that Mr. Coleman's claim for negligent undertaking should be dismissed under Rule 12(b)(6) because it is merely a theory of duty under the broader negligence claim rather than an individual claim. *Id.* at 14-16.

Mr. Coleman filed a Brief in Response arguing that the declaratory relief claims were made as alternatives. (Doc. 8 at 24-32). Mr. Coleman argues that he "asks the Court to declare what law governs the claim, and the damages, already before it." *Id.* at 29. Mr. Coleman also contends that Big Sky incorrectly invokes dismissal rather than Rule 12(f) for redundant material, and argues that declaratory relief should be allowed to accompany substantive relief under Rule 57. *Id.* at 29-32. He also argues that his negligent undertaking claim has distinct elements that justify bringing it as a separate count. *Id.* at 15-21. He similarly responds that he is permitted to bring two theories of negligence under different duties of care, which are governed by different standards. *Id.* at 21-24.

Big Sky filed a Reply, arguing that Mr. Coleman has failed to demonstrate standing for the declaratory relief claims because the injuries have already occurred, while declaratory relief seeks to prevent future injuries. (Doc. 10 at 9-11). Alternatively, Big Sky requests that Mr. Coleman's declaratory relief claims should be dismissed as redundant because they are merely duplicative. *Id.* at 13-14. Big Sky reiterates that Mr. Coleman has only articulated a different basis for claiming duty, but contests that such claims create a new cause of action, particularly because the duties alleged under negligent undertaking are identical to those owed as a ski area operator. *Id.* at 2-9. In general, Big Sky argues that Plaintiff is seeking an advance ruling and that the Court should not create an express lane to determine the viability of certain defenses.

For the reasons discussed below, the Motion is granted in part and denied in part.

## I. Facts[2]

Mr. Coleman and T.C. are residents of Washington, D.C. (Doc. 1 at 2). Big Sky operates a ski school at its ski resort in southwestern Montana. *Id.* at 2, 5. In March 2025, T.C., an eight-year-old, was enrolled in Big Sky's ski school for a five-day training program. *Id.* at 1, 6. T.C. had no prior ski experience and began

[2] For purposes of a motion to dismiss, the facts alleged in the Complaint are taken as true. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1024 (9th Cir. 2021) (citing *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 ((9th Cir. 2019)).

the course at level 1 of Big Sky's nine-level progression system, which ranges from "[f]irst time on skis or snowboard" to "[c]onfident on expert runs, moguls, and powder." *Id.* at 5-6. By day four of training, T.C. had advanced to level three: "[p]racticing turns." *Id.*

On the third day of training, Big Sky's instructor took T.C.'s group on a run for blue/intermediate students. *Id.* at 7. A student is meant to be "[c]omfortable connecting turns on intermediate runs" at level 6. *Id.* at 5. At some point, the instructor apologized to T.C.'s family and acknowledged that the group had mistakenly gone on an intermediate run. *Id.* at 7.

On the next day, T.C. collided with a marker pole and sustained an injury that caused him to bleed from the mouth. *Id.* at 7. Later, Big Sky's instructor took the group onto Harbor's Natural Half Pipe -- an intermediate run. *Id.* at 7. Conditions were icy. *Id.* at 8. The group consisted of four students, including T.C., and the instructor. *Id.* Following a snack break, the instructor directed the students to sequentially descend the run, with T.C. going second, followed by the instructor. *Id.* A student behind the instructor fell, and the instructor stopped to assist that student without telling T.C. to wait. *Id.* T.C. continued alone and lost control on the ice. *Id.* T.C. collided with a tree at significant speed and sustained serious injuries. *Id.*

Following the collision, T.C. was removed from the mountain to Bozeman Health by air ambulance, which triggered a level 1 trauma activation. *Id.* at 11. T.C. could not receive specialized pediatric care at Bozeman Health, so he was transferred to Intermountain Primary Children's Hospital in Salt Lake City. *Id.* He was admitted to trauma service and evaluated by various specialists. *Id.* Among the injuries sustained, T.C. suffered: "a comminuted, displaced midshaft fracture of the right femur with a butterfly fragment; extensive facial fractures in a LeFort II pattern; left orbital floor and lateral wall fractures; a left pterygoid fracture; bilateral mandibular condylar fractures, the left displaced with medial subluxation; a nondisplaced parasymphyseal fracture involving dentition; traumatic avulsion of permanent tooth #9; an enamel-dentin fracture of tooth #8; bilateral pulmonary contusions; and a possible splenic injury." *Id.* at ¶ 43. He has received significant and continuing medical treatment, including several surgeries and physical therapy, and continues to require ongoing care. *Id.* at 11-12.

## II. Standards

A challenge to the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By

contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Here, Big Sky presents a facial attack because it does not challenge the allegations of the Complaint. Rather, Big Sky argues that Mr. Coleman lacks standing to bring a declaratory judgment action because he asks the Court to determine the legal duties that govern this case regarding a past injury rather than prospective legal issues. Similarly, Big Sky argues that the declaratory relief claims are redundant because immunity under the MSRA will necessarily be addressed in litigating Mr. Coleman's negligence claims in the course of the case.

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it alleges factual content that allows the court to reasonably infer that the defendant is liable under the claim. *Id.*

While Mr. Coleman contends that the declaratory relief should be allowed under Rule 57 and negligent undertaking should be permitted as an independent cause of action, he and Big Sky also dispute whether the claims at issue should be dismissed as redundant under Rule 12(b)(6) or whether they should be struck under Rule 12(f), which permits the Court to strike any "redundant" matter from a

pleading. Courts have done both interchangeably. *See Fluke Elec. Corp. v. CorDEX Instr., Inc.*, 2013 WL 2468846, at *3 (W.D. Wash.) (compiling cases). "In any event, the standards under either rule are similar, and the result of the motion would be the same under either standard." *Id.* However, the Ninth Circuit has been clear that Rule 12(b)(6) and Rule 12(f) motions are not the same: "We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-76 (9th Cir. 2010). The importance of this distinction lies in the standard of review on appeal -- *de novo* for dismissal and abuse of discretion for Rule 12(f). *Id.* at 974.

Motions to strike are used to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Gram v. Intelligender, LLC*, 2010 WL 11601035, at *2 (C.D. Cal.) (quoting *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996)). A motion to strike is disfavored in federal court because of the "limited importance of pleadings." *Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at *2 (C.D. Cal.) (quoting *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006)). "They are particularly disfavored where the party moving to strike fails to demonstrate any prejudice." *Daymon Worldwide Inc. v. S.C. Johnson & Sons Inc.*, 2007 WL 9776405, at *2 (W.D. Wash.) (citing *Dah Chong*

*Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072, 1073 (M.D. Fla. 1989)). A matter should not be struck unless "it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *McGhee v. N.A. Bancard LLC*, 2020 WL 3250741, at *2 (S.D. Cal.) (citing *In re Walmart Stores, Inc. Wage and Hour Litig.*, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007)).

Regardless of whether the Court determines that the declaratory judgment claims and the negligent undertaking claim are redundant, the Court cannot substitute a strike for a dismissal. Accordingly, the Court shall determine relief under the Motion in the context of dismissal.

## III. Analysis

### A. Counts V-VII seeking declaratory judgment shall be dismissed for lack of standing.

Mr. Coleman seeks a declaratory judgment that the MSRA does not apply to Counts V and VI. In Count VII, he seeks a declaratory judgment that the waiver signed for T.C. to enroll in Big Sky's classes does not apply to his causes of action. In short, Mr. Coleman wants a ruling that his claims in this case will not be precluded by statute or waiver. Big Sky contends that Mr. Coleman lacks standing to bring these claims because he does not seek prospective relief. (Doc. 4 at 8).

The party seeking to invoke jurisdiction has the burden to show standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-31 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "But standing is not dispensed

in gross . . . . 'a plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject.'" *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)).

"[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 594 U.S. at 431 (citing *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) and *Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)). "Thus, a plaintiff who has standing to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Where a plaintiff lacks standing to bring a claim for declaratory relief, that claim should be dismissed. *See Comenout v. Pittman*, 2017 WL 6389325, *3 (W.D. Wash (dismissing claim for declaratory relief in larger suit due to lack of injury); *Troglia v. Cerritos Comm. College Dist.*, 2025 WL 4059932, at *5 (C.D. Cal.) (recommending dismissal of declaratory relief claim for lack of standing in suit for retaliation because plaintiff did not seek reinstatement), *findings and recommendations accepted*, 2026 WL 129302. The authority discussed in the

balance of this section makes clear that Plaintiff lacks standing for his declaratory judgment causes of action.

The Declaratory Judgment Act permits the Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Claims brought under the Declaratory Judgment Act do not "provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.,* 52 F.4th 874, 878 (9th Cir. 2022) (concurring with other circuits). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Declaratory relief is discretionary, and the Court may exercise discretion in whether to allow such relief to proceed, including whether a declaratory judgment "will serve a useful purpose." *Bradford v. Ogbuehi*, 2020 WL 5847015, at *3 (E.D. Cal.) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

The Supreme Court has concluded that a plaintiff may not seek a declaratory judgment to invalidate an affirmative defense because, "[s]uch a suit does not merely allow the resolution of a 'case or controversy' in an alternative format, but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense." *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (citations omitted). Various Courts of Appeals have held that declaratory relief is not

available to invalidate the defenses of an adversary. *See Enoxy Coal, Inc. v. United Mine Workers of Am. 1974 Ben. Plan and Trust*, 879 F.2d 862 (4th Cir. 1989) (Table); *Hanes Corp. v. Millard*, 531 F.2d 585, 592-93 (D.C. Cir. 1976); *Fleet Bank, Nat. Ass'n v. Burke*, 160 F.3d 883, 886-87 (2d Cir. 1998). Moreover, "a declaratory judgment is only appropriate where it would completely resolve the concrete controversy." *Theme Promotions, Inc. v. News Am. Marketing FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) (citing *Calderon*, 523 U.S. at 749).

The applicability of the MSRA and the liability waiver provisions of the enrollment contract - - or the lack thereof - - are issues that will likely be litigated as affirmative defenses during these proceedings. Big Sky must either raise these affirmative defenses or waive them. *See* Fed. R. Civ. P. 8(b)(1)(a), (c)(1). If they are raised, they will necessarily be resolved. If they are waived, then the related declaratory judgment claims would be rendered moot.

Declaratory judgment and Rule 57 are "intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued." 10B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2751 (4th ed. 2026); *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986). Declaratory judgments "are meant to define the legal rights and obligations of the

parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed.Appx. 475, 477 (7th Cir. 2003). Declaratory relief provides *future* relief, not a declaration of liability for past conduct. *See Lawrence v. Kuenhold*, 271 Fed.Appx. 763, 766 (10th Cir. 2008); *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019); *AmSouth Bank v. Dale*, 386 F.3d 763, 786-87 (6th Cir. 2004); *Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc.,* 655 F.2d 938, 943 (9th Cir. 1981) (quoting *Japan Gas Lighter Assoc. v. Ronson Corp.*, 257 F.Supp. 219, 237 (D. N.J. 1966)). "[N]or can declaratory relief be sought simply as a predicate for a subsequent damages claim." *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002) (compiling cases). Declaratory relief is subject to federal jurisdiction if it "affects the behavior of the defendant towards the plaintiff." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) (emphasis removed) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)). None of the purposes of the declaratory judgment statute would be achieved if Mr. Coleman is allowed to litigate Counts V-VII.

The alleged injury in this case has already occurred, and there are no continuing rights or obligations between the parties that are subject to interpretation. Even if these declaratory causes of action could have been brought before T.C.'s injury, they would run afoul of *Calderon* because they seek to do nothing but declare that Big Sky's predictable affirmative defenses are invalid.

The only way in which Counts V-VII alter Big Sky's behavior towards Mr. Coleman is that Big Sky has not provided him with payment for damages, which on its own does not amount to the type of justiciable case or controversy required to confer jurisdiction for declaratory judgment. *See Bayer*, 861 F.3d at 867-68.

Finally, Mr. Coleman asks if the Motion is granted that dismissal be without prejudice. (Doc. 8 at 32). A count which has been rendered moot should be dismissed with prejudice. *See In re Calpine Corp.*, 2005 WL 1431506, at *6 (N.D. Cal.). Even if this Court does not determine the scope of the issues raised in these Counts in this action, declaratory judgment would be inappropriate for the reasons discussed above, so a final resolution on the merits is appropriate. *Maple v. Costco Wholesale Corp.*, 649 Fed.Appx. 570, 572 (9th Cir. 2016) (holding that claims that fail as a matter of law should be dismissed with prejudice). Accordingly, given the discretion provided district courts with respect to the appropriateness of a declaratory judgment action and the inability for Mr. Coleman to demonstrate standing, the Motion will be granted under Federal Rule of Civil Procedure 12(b)(1) as to Counts V-VII, and these Counts will be dismissed with prejudice.

**B. The Motion will be denied as to Count IV.**

Big Sky contends that negligent undertaking is redundant because it is merely an alternative theory of duty. Further, Big Sky argues that this theory of

duty is already captured by Big Sky's general duty as a ski area operator under the broader negligence claim in Count I.

Under Count I of the Complaint, Mr. Coleman describes Big Sky's alleged breaches of the duty of care to T.C. as: "selecting terrain beyond T.C.'s documented ability, failing to supervise him, failing to respond to actual warning signs, exposing him to conditions beyond his skill, and failing to adopt and enforce adequate instructional and supervisory policies." (Doc. 1 at ¶ 57). Mr. Coleman contends that "[t]he duty of ordinary care under Mont. Code Ann. § 27-1-701 applies" to these duties. *Id*. at ¶ 55. Under Count IV, Mr. Coleman alleges, "Big Sky undertook . . . rendering services to T.C. and his parents. These services included professional, age-appropriate ski instructions and supervision of a young child, which Big Sky should have recognized as necessary for T.C.'s protection. Big Sky failed to exercise reasonable care in performing that undertaking." *Id.* at ¶¶ 72-73.[3]

In diversity actions, state substantive law and federal procedural law govern. *Hanna v. Plumer*, 380 U.S. 460, 466-73 (1965); *Erie R. Co v. Tompkins*, 304 U.S. 64, 91-92 (1938). "[I]f there is a federal rule of procedure covering a particular

[3] "Ordinary" care and "reasonable" care are interchangeable under Montana law. *Wenger v. State Farm Mut. Auto. Ins. Co.*, 483 P.3d 480, 485 (Mont. 2021) ("the standard of care for ordinary negligence is 'reasonable care' -- how 'an ordinarily prudent person would act under the circumstances.'") (quoting *Hanson v. Edwards*, 7 P.3d 419, 424 (Mont. 2000)); Mont. Code Ann. § 27-1-701.

point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 740 (9th Cir. 1982) (citing *Hanna*). Accordingly, pleading standards under the Federal Rules of Civil Procedure govern this action.

Federal Rule of Civil Procedure 8(d)(2) permits a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." The Ninth Circuit has held that it is improper to dismiss a claim merely because "it was duplicative of or superfluous to [a plaintiff's] other claims." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Similarly, pleadings in the alternative are allowed, even if mutually exclusive. *PAE Gov. Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007).

Citing to *Maryland Cas. Co. v. Asbestos Claims Ct.*, 460 P.3d 882 (Mont. 2020), Big Sky contends that negligent undertaking can only exist as a standalone cause of action "where none would otherwise exist." 460 P.3d at 896. The Montana Supreme Court in that case adopted the Restatement (Second) of Torts § 324A to reaffirm the existence of a negligent undertaking tort. *Id.* at 897. Under the Restatement,

> [A] party owes a special duty of care to protect others from foreseeable risks of harms caused or created by a third party beyond the first party's control if:

> (1) the first party, gratuitously or for consideration, affirmatively undertakes to render aid or services to the third party;
>
> (2) the first party reasonably should recognize that such aid or services are necessary under the circumstances for the protection of other persons or property; and
>
> (3) one or more of the following special circumstances exist:
>
> > (A) the failure of the first party to use reasonable care in the performance of the undertaking increases the preexisting risk of harm at issue;
> > (B) the first party affirmatively assumes the third party's responsibility to perform a preexisting legal duty of care owed by the third party to the other(s) at issue; or
> > (C) harm occurs because the other(s), or the third party, relied on the first party to competently perform the subject undertaking.

*Id.* (citing Restatement (Second) of Torts § 324A).

Regardless of whether negligent undertaking is mutually exclusive with general negligence or other claims, dismissal is inappropriate under the federal pleading standards. Plaintiffs are allowed to plead multiple counts seeking the same relief and may plead in the alternative under Rule 8. Therefore, dismissal is inappropriate even if negligent undertaking would otherwise be unavailable if this case were litigated in state court.

Big Sky argues that the Montana Code (§ 23-2-733 (2025)) defines the duties that a ski area operator owes, rendering a negligent undertaking claim

impossible.[4] (Doc. 10 at 8) ("Montana cases involving 'skiing' accidents 'must be viewed through the lens of the [Montana Skier Responsibility Act], which defines duties and responsibilities of both skiers and ski area operators'") ((quoting *Mullee v. Winter Sports, Inc.*, 569 P.3d 594, 599 (Mont. 2025)). Big Sky asserts that a student learning at a ski school is covered by the MSRA. (Doc. 10 at 8-9).

A "skier" is defined as, "a person who is using any ski area facility for the purpose of skiing, including but not limited to ski slopes and trails." Mont. Code Ann. § 23-2-702(7). Skiing is further defined to mean "any activity, including participation in or practice or training for competitions or special events, that

---

[4] These duties include:

(a) mark all trail grooming vehicles by furnishing the vehicles with flashing or rotating lights that must be in operation whenever the vehicles are working or are in movement in the ski area;
(b) mark with a visible sign or other warning implement the location of any hydrant or similar equipment used in snowmaking operations and located on ski slopes and trails;
(c) maintain one or more trail boards at prominent locations at each ski area displaying a map of that area's network of ski slopes and trails, the boundaries of the ski area, and the relative degree of difficulty of the ski slopes and trails at that area;
(d) post a notice requiring the use of ski-retention devices;
(e) designate at the start of each day, by trail board or otherwise, which ski slopes and trails are open or closed and amend those designations as openings and closures occur during the day;
(f) post in a conspicuous location the current skier responsibility code that is published by the national ski areas association;
(g) post a copy of 23-2-736 [Duties of skier] in a conspicuous location; and
(h) mark designated freestyle terrain with a symbol recognized by the national ski areas association.

involves sliding or jumping on snow or ice while using skis, a snowboard, or any other sliding device." Mont. Code Ann. § 23-2-702(8).

While Big Sky may be correct that T.C. was a skier under the MSRA, the negligent undertaking claim relates solely to Big Sky's role in operating its ski school. Section 23-2-733(1) of the Montana Code partially defines the duty of care owed by a "ski area operator."[5] A ski area operator is "a person, firm, or corporation and its agents and employees having operational and administrative responsibility for ski slopes and trails and improvements." Mont. Code Ann. § 23-2-702(5). As the duties under Mont. Code Ann. § 23-2-733(1) only describe the ski area operator's duties to mark the ski slopes and trails, it does not encompass Big Sky's duty to operate a ski school. The MSRA does not impose an exhaustive list of duties to which a ski area operator must adhere; the precise scope of such duties is a legal question left to courts on a case-by-case basis. *Mullee*, 569 P.3d at 600-602. Count I alleges that Big Sky was negligent, but the allegations in Count IV are limited to the services of "professional, age-appropriate ski instruction and supervision of a young child."

[5] As noted in *Mullee*, "the MSRA does not constitute an exhaustive list of the duties of skiers and/or ski area operators or entirely foreclose a finding of common law negligence should a ski operator breach its duty of reasonable care." 569 P.3d at 600-01 (citing *Mead v. M.S.B., Inc.*, 872 P.2d 782, 788 (Mont. 1994)).

Where a defendant has a statutorily prescribed duty of care and voluntarily undertakes additional duties, they may assume additional duties of care beyond the statutory scope. *Md. Cas. Co.*, 460 P.3d at 904-06 (finding that defendant's acts of employee-specific monitoring created a duty of reasonable care to workers distinct from more general duties it owed). More generally, the Montana Supreme Court has imposed a duty of reasonable care when one performs an undertaking. *Nelson v. Driscoll*, 983 P.2d 972, 981 (Mont. 1999); *Lokey v. Breuner*, 243 P.3d 384, 385-86 (Mont. 2010).

The duties required under negligent undertaking, the MSRA, and other laws for ski area operators in general and the scope to which they apply are not appropriate for dismissal. *See Oberson v. U.S. Dep't of Ag., Forest Service*, 171 P.3d 715, 721 (Mont. 2007) ("The parties' disagreement on this issue centers around three different statutes, all of which have a different scope of application, and all of which provide a different standard of care"). At this juncture, the Court need not resolve questions around duties and immunity from liability. Therefore, the Motion shall be denied as to Count IV.

## IV. Conclusion

Having concluded that the requests for declaratory relief under Counts V-VII are improper and that the claim for negligent undertaking may be pursued,

**IT IS HEREBY ORDERED** that the Motion is GRANTED IN PART and DENIED IN PART. Counts V, VI, and VII shall be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). The remaining relief requested is DENIED.

DATED this 25th day of November, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE